UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SILVIA CADMEN,

                Plaintiff,

          - against -

CVS ALBANY, L.L.C., et al.,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-46 (PKC) (SJB)

PAMELA K. CHEN, United States District Judge:

On January 4, 2022, Defendant CVS Albany, L.L.C. ("CVS Albany") filed a notice of removal from New York State court, invoking diversity jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity of all adverse parties, despite the fact that both Plaintiff Silvia Cadmen and Defendant 6817 Bay Parkway LLC ("6817 Bay Parkway") are citizens of New York. (*See* Dkt. 1.) CVS Albany nonetheless argued that removal was proper, noting that 6817 Bay Parkway had not yet been served, and pointing to 28 U.S.C. § 1441(b), which states that, "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (*See* Dkt. 1 ¶ 4.)

On January 6, 2022, Magistrate Judge Sanket J. Bulsara issued an order requiring CVS Albany to show cause why the case should not be remanded to state court based on the lack of complete diversity. (01/06/2022 Docket Order.) Judge Bulsara specifically pointed out that, "[e]ven if 'snap removal' is permissible, it only overcomes the home-state removal bar, *i.e.*, the prohibition on a forum state citizen removing a case to federal court in its home state. *See* 28 U.S.C. 1441(b)(2). It does not establish that federal subject matter jurisdiction exists." (*Id.*)

1

On January 11, 2022, CVS Albany submitted a letter responding to the order to show cause. (Dkt. 6.) In it, CVS Albany relies on several cases, all of which note that the presence of an unserved, home-state defendant does not prevent removal under 28 U.S.C. § 1441(b); but none of which state that diversity jurisdiction *exists* where an unserved defendant resides in the same state as the plaintiff. (*Id.* (citing, *inter alia*, *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808 (6th Cir.), *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001)).)

CVS Albany is either intentionally attempting to mislead the Court or fundamentally misunderstands the relationship between 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). Complete diversity between all plaintiffs and all defendants is required for federal jurisdiction under 28 U.S.C. § 1332. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Even where complete diversity exists, however, removal under § 1441(b) is not appropriate where there is a home-state defendant—that is, a defendant who resides in the forum state. 28 U.S.C. § 1441(b) (the "home-state rule"). There is an exception to *the home-state rule*, in the text of § 1441(b) itself, for when the home-state defendant has not yet been served. In other words, where there is complete diversity and an unserved home-state defendant, the case can be removed. But that is an exception to the § 1441(b) home-state rule, not to the requirement of complete diversity for jurisdiction under § 1332. Indeed, even the cases cited by CVS Albany demonstrate that. In *Encompass*, removal was sought before a home-state defendant was served pursuant to § 1441(b), *where there was complete diversity even considering the unserved home-state defendant*. *Encompass*, 902 F.3d at 152.[1] The very language from *McCall* that CVS Albany quotes in its response makes the very

---

[1] *Encompass* dealt with the unusual situation where the home-state defendant itself sought removal before being served.

same point: "*Where there is complete diversity of citizenship* . . . the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." *McCall*, 239 F.3d at 813 n.2 (emphasis added). While there is an exception for unserved, home-state defendants that might allow for removal under § 1441(b), there is no parallel exception for unserved, home-state defendants that creates federal diversity jurisdiction under 28 U.S.C. § 1332.

Thus, where, as here, there is no complete diversity, the fact that the home-state defendant has yet to be served is irrelevant, and removal is improper. *See Rossillo v. Becton, Dickinson & Co.*, No. 21-CV-852 (LJL), 2021 WL 793916, at *3 (S.D.N.Y. Feb. 26, 2021) ("The case was not removable under Section 1441—either before or after the home-state defendant was served—because Plaintiffs were citizens of the same state as Defendants and thus complete diversity is lacking."); *Galiano Constr. Custom Builder, LLC v. Brandon Sample*, No. 20-CV-106 (GWC), 2020 WL 8093522, at *2 (D. Vt. Oct. 22, 2020) ("[T]he doctrine of 'snap removal' has no effect on the independent jurisdictional requirement that a removed case could have been filed originally in federal court."); *CAV Farms, Inc. v. Nicholas*, No. 19-CV-6088 (CJS), 2019 WL 1438776, at *4 (W.D.N.Y. Apr. 1, 2019) ("[R]egardless of the forum defendant rule, an action may not be removed on the basis of diversity jurisdiction if a non-diverse defendant is named in the complaint, even if that defendant has not yet been served."); *Kenneson v. Johnson & Johnson, Inc.*, No. 14-CV-01184 (MPS), 2015 WL 1867768, at *4 (D. Conn. Apr. 23, 2015) ("[A] plaintiff's failure to serve process on a diversity-defeating defendant in state court generally does not permit the other defendants to remove the case to federal court on the basis of diversity, which remains the prevailing view in the federal courts despite . . . changes to the removal statute."); *Brooks v. Starbucks Corp.*, No. 13-CV-2705 (JG), 2013 WL 4520466, at *3 (E.D.N.Y. Aug. 26, 2013) ("The mere fact that § 1441(b)(2) did not preclude removal does not, as defendants contend, mean it

3

authorized it. Rather, a necessary condition to removal based on diversity jurisdiction is complete diversity at the time of filing."); Wright, Miller & Cooper, *Fed. Prac. & Proc. Juris.* § 3723 (Rev. 4th ed.) ("The language in Section 1441(b)(2) provides that diversity cases 'may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.' This implies that a diverse but resident defendant who has not been served may be ignored in determining removability. This should be contrasted with the rule, stated earlier, that the presence of a non-diverse, unserved defendant will destroy removability unless that party is dismissed from the action. This difference in practice can be justified in terms of the non-diverse party's presence being viewed as a more fundamental defect in removal based on diversity-of-citizenship jurisdiction than is the presence of a local defendant, in violation of Section 1441(b). The first is a jurisdictional defect, and the latter generally is viewed as a non-jurisdictional, merely procedural, defect."). For lack of complete diversity alone, this case must be remanded.

In addition, CVS Albany has failed to establish that there is a sufficient amount in controversy to justify jurisdiction under 28 U.S.C. § 1332. To establish diversity jurisdiction, the removing party bears the burden of demonstrating that the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied. *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994). Given "congressional intent to restrict federal court jurisdiction" and "the importance of preserving the independence of state governments," the Court must "construe the removal statute narrowly, resolving any doubts against removability." *Id.* at 274 (citation omitted). Where the complaint does not clearly state the amount in controversy, the removing party must "allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount," otherwise the Court lacks jurisdiction. *Id.* at 273–74.

CVS Albany notes that Plaintiff's Complaint does not state an amount in controversy, and correctly points out that, under N.Y. C.P.L.R. § 3017(c), "a plaintiff in a personal injury matter filed in the Supreme Court of the State of New York is not permitted to assert the damages amount in the Complaint." (Dkt. 1 ¶ 8.) In support of its argument that more than $75,000 are at issue, CVS Albany thus points to Plaintiff's allegations that Plaintiff "suffered certain and severe injuries," "incur[red] and continues to incur expenses for medical care," and, upon "CVS's understanding," Plaintiff will undergo an unspecified surgery "allegedly related to the above referenced accident." (*Id.*) Such generalized allegations, however, "do not permit the Court to draw a reasonable inference—as opposed to speculating—that the damages or amount in controversy exceeds $75,000." *O'Neill v. Target Corp.*, No. 21-CV-3262 (PKC) (ARL), 2021 WL 2634880, at *2 (E.D.N.Y. June 25, 2021) (collecting cases).

In another attempt to establish the amount-in-controversy requirement, CVS Albany notes that "Plaintiff further claims that she has been damaged in an amount in excess of the jurisdictional limits of all other Courts that could otherwise have jurisdiction." (Dkt. 1 ¶ 7.) That language, however, refers to the lower courts of New York, which may not entertain actions seeking to recover more than $25,000, well below the $75,000 threshold required for federal diversity jurisdiction. *See Brown v. NutriBullet, LLC*, No. 19-CV-5421 (PKC) (ST), 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019). In addition, identical *ad damnum* clauses pled to establish jurisdiction in New York courts "have been repeatedly found too vague and ambiguous to enable an intelligent assessment of whether the amount-in-controversy requirement of diversity jurisdiction has been satisfied." *Woodley v. Massachusetts Mut.*, No. 08-CV-949 (NRB), 2008 WL 2191767, at *2 n.3 (S.D.N.Y. May 23, 2008) (collecting cases). Accordingly, neither the

5

Complaint nor CVS Albany's allegations "establish that the amount in controversy exceeds the jurisdictional amount." *Lupo*, 28 F.3d 269, 273.[2]

For the reasons explained above, CVS Albany has failed to demonstrate that this Court has jurisdiction over this case. Accordingly, this case is remanded to the New York Supreme Court, Kings County, under Index No. 532872/2021, for lack of subject matter jurisdiction.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 14, 2022
Brooklyn, New York

---

[2] With respect to sufficiently alleging the amount-in-controversy, CVS Albany was not without recourse. While N.Y. C.P.L.R. § 3017(c) prohibits plaintiffs from specifying a particular amount of damages in the complaint, the same statute provides a mechanism for defendants to ascertain the amount in controversy: a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself [or herself] entitled." N.Y. C.P.L.R. § 3017(c). If diversity jurisdiction were otherwise proper, CVS Albany should have availed itself of that procedure *before* "prematurely removing the action to this Court." *Cavaleri v. Amgen Inc.*, No. 20-CV-1762 (PKC) (RML), 2021 WL 878555, at *2 (E.D.N.Y. Mar. 8, 2021), *reconsideration denied*, 2021 WL 951652 (E.D.N.Y. Mar. 12, 2021) (quoting *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016)). However, as discussed, that possibility is immaterial here, given the lack of complete diversity.